# Vowinkel, Appellant, *v.* Moser.

*Husband and wife—Loan by wife to husband—Transfer of property for loan
—Bankruptcy.*

In a proceeding by bill in equity by a trustee in bankruptcy to recover a
leasehold transferred by the bankrupt to his wife in consideration of money
loaned, the court below found as facts that the loan was of the wife's own
money, not received from her husband; that the transfer was on account of
the loan and was made in good faith without intent to defraud; that it was
not out of proportion to the debt; that the husband was solvent at that time
and was not adjudicated bankrupt until more than a year later; and that
it did not appear that any of his present creditors were creditors then.
*Held,* that a decree dismissing the bill should be affirmed.

Argued Nov. 3, 1905. Appeal, No. 203, Oct. T., 1905, by
plaintiff, from decree of C. P. Allegheny Co., No. 1, Dec. T.,
1902, No. 861, dismissing bill in equity in case of Charles Vo-
winkel, trustee in bankruptcy of Fritz Moser v. Fritz Moser
and Margaret Moser, his wife, and Emma Wolff. Before
MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and
STEWART, JJ. Affirmed.

Bill in equity to have declared void a transfer of property
by a married woman to her husband. Before COLLIER, P. J.
The essential facts are stated in the opinion of the court.

*Error assigned* was decree dismissing bill.

*Charles H. Sachs,* with him *Benj. J. Hirshfield,* for appel-
lant.

*Edward J. McKenna* and *J. Frank McKenna,* for appellees,
were not heard.

PER CURIAM, January 2, 1906 :
The learned judge below found as facts that the loan by the
wife to her husband was of her own money received from other
sources than her husband ; that the transfer of the leasehold by
him to her was on account of the loan, and was made in good
faith without any intent to defraud ; that it was not out of

proportion to the debt; that he was solvent at that time and was not adjudicated bankrupt until more than a year later; and that it did not appear that any of his present creditors were creditors then.

These findings ought to have ended the case.

Decree affirmed with costs.